JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6404 PA (PJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Jean Phillips v. Carlos Ramsey | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Carlos Ramsey ("Defendant") on August 25, 2016. Plaintiff Jean Phillips, as trustee of the Jean M. Phillips Family Trust ("Plaintiff") filed her Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States." 28 U.S.C. § 1443(1). Defendant also invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6404 PA (PJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Jean Phillips v. Carlos Ramsey | | |

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendant's Notice of Removal alleges that "Plaintiff ignores the evaluation of the violations of the federal housing issues, violation of his due process rights to review under, as well as his rights to take action against illegal discrimination and retaliatory eviction." These and similar allegations do not constitute a basis for removal. Neither a federal defense nor an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Therefore, Defendant has failed to show that federal question jurisdiction exists.

A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). Defendant does not allege any well-pleaded facts that would support removal under § 1443 and therefore Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel. Other than allegations concerning his displeasure with the Superior Court and that the "unlawful detainer trial courts rubber stamp all plaintiff actions for evictions and do not protect defendant property interest," which are insufficient as a matter of law, there are no proper allegations or any other indication that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Defendant's

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6404 PA (PJWx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Jean Phillips v. Carlos Ramsey | | |

Notice of Removal satisfies their burden to show that any potential deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Defendant's federal rights. See Patel, 446 F.3d at 998-99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

  For the foregoing reasons, Defendant has failed to meet his burden of showing that federal subject matter jurisdiction exists over this action or that removal pursuant to 28 U.S.C. § 1443 is available. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 16U07289. See 28 U.S.C. § 1447(c). Defendant's Request to Proceed In Forma Pauperis (Docket No. 3) is denied as moot.

  IT IS SO ORDERED.